**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

NATHAN A. COOK
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

November 28, 2022

Philip Trainer, Jr.
Marie M. Degnan
Ashby & Geddes
500 Delaware Avenue
Wilmington, DE 19801

Michael A. Barlow
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

> Re: *Thermo Fisher Scientific PSG Corporation v. Arranta Bio MA, LLC*
> C.A. No. 2022-0608-NAC

Dear Counsel:

Plaintiff has moved pursuant to Court of Chancery Rule 59(f) for reargument (the "Motion")[1] of my November 15, 2022 order in this matter (the "Order").[2]  For the reasons explained herein, I largely deny Plaintiff's motion, with certain limited exceptions set forth below.

## BACKGROUND

This matter involves highly expedited consideration of a non-compete provision, which is set for trial in less than three weeks.  The parties have fought over discovery in advance of trial on multiple fronts.

---

[1] Dkt. 149 ("Mot.").

[2] Dkt. 140 ("Order").

Plaintiff served its privilege log on Defendant on October 6, 2022, and Defendant filed a Motion to Compel relating to Plaintiff's Wrongful Privilege Designations and Failure to Produce Termination Documents on November 7, 2022 (the "Motion to Compel").[3] Following the filing of opposition and reply papers, I held argument on Defendant's Motion to Compel on November 15, 2022.

In support of its Motion to Compel, Defendant identified multiple troubling aspects of Plaintiff's production and log that, according to Defendant, point to an inference of gamesmanship. Defendant explained that numerous documents one would reasonably expect to have been produced were absent from Plaintiff's production. According to Defendant, it was quite likely that, rather than producing the documents, Plaintiff sprinkled the documents somewhere on its log with descriptions so deficient that they all but ensured Defendant would not be able to obtain the documents for use at the December trial. With respect to Plaintiff's 1,974 total log entries, approximately 95% repeated one of three generic phrases to describe the purported topic of legal advice.[4] Nearly 80% of Plaintiff's 1,974 entries were entirely withheld (rather than redacted).[5] And Plaintiff failed to identify ***any***

---

[3] Dkt. 123 ("Mot. to Compel").

[4] Ex. 1 to Mot. to Compel ("Pl.'s Pre-Order Log"); Mot. to Compel at 2–5.

[5] Pl.'s Pre-Order Log; Mot. to Compel at 5, 9.

attorney involved for over 33% of the documents that Plaintiff had entirely withheld.[6]

Without recounting all of Defendant's arguments here, it suffices to say that Defendant argued there was ample basis to find Plaintiff's log grossly deficient, with the appropriate remedy being waiver of privilege as to the entirety of the log.

Following a hearing on November 15, 2022, I entered the Order that evening, granting Plaintiff's proposed order in part and denying it in part. My comments to Plaintiff's proposed order follow:

> Having reviewed the papers and heard today's argument, I deny Defendant's motion in part, including the request for a blanket waiver of privilege. I find good cause, however, to grant the motion in limited part as follows: Within five business days, Plaintiff is directed to produce to Defendant in unredacted form the 563 documents from its log that Plaintiff has entirely withheld and for which Plaintiff has identified no attorney. Plaintiff bears the burden here, and its failure to identify an attorney for these documents—which comprise over 25% of its total logged documents—falls well short of satisfying Plaintiff's burden. *See Stilwell Associates, L.P. v. HopFed Bancorp, Inc.*, C.A. No. 2017-0343-JTL, Tr. at 118 (Del. Ch. Aug. 28, 2017) ("When you don't list an attorney for a document, that is not a good-faith log. If there's one thing that you have to have for attorney-client privilege or work product doctrine, it's an attorney. Now, you could be passing along an attorney's advice. That is theoretically possible. But there still has to be an attorney. It is simply too easy—and there's a lot of law on this, particularly in the Third Circuit's Teleglobe decision—it is too easy and too convenient for clients just to claim that whatever their communications between themselves happened to be involved attorney advice, to give credit to log entries that simply don't

---

[6] Pl.'s Pre-Order Log; *see also* Mot. to Compel at 5, 9 (noting that "563 of those 1,560 entirely withheld documents do not identify any attorney").

list anyone.  So I am requiring those items to be produced."); *Pfizer, Inc. v. Amgen Fremont Inc.*, C.A. No. 10667-VCL, Tr. at 23 (Del. Ch. July 10, 2015); *see also Navient Sols., LLC, et al. v. Conduent Educ. Servs., LLC*, C.A. No. 2019-0316-JTL, Tr. at 87 (Dec. 5, 2019).  During oral argument, Plaintiff pointed to "the time crunch" and argued that, "if we had more time, we could have added the name of the lawyer."  Yet, expedition intensifies the need to take basic steps to prepare logs correctly precisely because there is no time for a "do over."

Plaintiff filed its Motion on November 20, 2022; as a result, I pushed back the production deadline to November 29, 2022.  Defendant filed its opposition on November 23, 2022, the day before the Thanksgiving holiday.

## ANALYSIS

A party seeking reargument "bears a heavy burden."[7]  "The Court will deny a motion for reargument 'unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected.'"[8]  A motion for reargument "may not be used to relitigate matters already fully litigated or to present arguments or evidence that could have been presented before the court entered the

---

[7] *Neurvana Med., LLC v. Balt USA, LLC*, 2019 WL 5092894, at *1 (Del. Ch. Oct. 10, 2019).

[8] *Nguyen v. View, Inc.*, 2017 WL 3169051, at *2 (Del. Ch. July 26, 2017) (quoting *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985)).

order from which reargument is sought."[9]  "Where the motion merely rehashes arguments already made by the parties and considered by the Court when reaching the decision from which reargument is sought, the motion must be denied."[10]

Plaintiff seeks reargument of the Order "because the naming requirement was not fully briefed or argued, nor were the consequences of a ruling requiring the production of those documents."[11]  Plaintiff argues that the Order would require Plaintiff to produce core privileged documents, including draft complaints and draft regulatory filings.[12]  Plaintiff also asks that, as an alternative, I either allow Plaintiff to amend its log or review documents *in camera*.[13]  For the reasons set forth below, I largely deny Plaintiff's Motion, with the exception that Plaintiff may withhold draft complaints and draft regulatory filings.

First, Plaintiff's assertion that "the naming requirement was not fully briefed or argued" is misplaced.  Defendant raised its argument concerning the need to

---

[9] *Standard Gen. Master Fund L.P. v. Majeske*, 2018 WL 6505987, at *1 (Del. Ch. Dec. 11, 2018).

[10] *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016).

[11] Mot. at 1.

[12] *Id*. at 1, 6–7.

[13] *Id*. at 2–3.

identify an attorney in the privilege log throughout its Motion to Compel.[14] Plaintiff squarely addressed Defendant's argument on this point in its opposition papers.[15] And the issue was a significant topic of discussion during the November 15 hearing.[16] The fact that Plaintiff now regrets that it did not make different arguments in response to Defendant's Motion to Compel is not sufficient to carry Plaintiff's "heavy burden" on reargument.

Second, Plaintiff argues that I misapprehended the law by holding that every entry on the privilege log must name an attorney.[17] This is also incorrect. To be sure, a document does not have to be sent to or from an attorney to be properly withheld, and the Order does not hold otherwise—but an attorney needs to be involved somehow and identified.[18] There can be no dispute that, while Plaintiff is

---

[14] Mot. to Compel at 9 (arguing that Plaintiff's failure to identify any attorney involved is "improper and constitutes an independent basis for waiver of privilege over these documents").

[15] Dkt. 132 at 10 (Pl.'s Opp'n to Mot. to Compel) (arguing that "Arranta is wrong that every entry on a privilege log must name an attorney" and purporting to distinguish cases Defendant cited).

[16] Ex. 1 to Dkt. 158 at 28 (Tr. of Oral Arg. on Mot. to Compel) ("THE COURT: Well, what about the arguments that, number one, there are numerous entries without an attorney listed at all and there's no reference in the description to the specific attorney from whom the legal advice is either provided or sought; and then, second, that these documents are withheld in their entirety as opposed to being provided in redacted form?").

[17] Mot. at 4–8.

[18] Indeed, the passage from *Stilwell Associates, L.P.* that I quoted in the Order specifically acknowledges these points.

entitled to withhold responsive documents on the basis that such documents are privileged or subject to work product protection, "[t]he burden of proving that the privilege applies to a particular communication is on the party asserting the privilege."[19]

Here, Plaintiff decided to stand on a log that was troubling in multiple ways. As already noted, Plaintiff's log repeated one of three generic topic descriptions for approximately 95% of its entries and entirely withheld nearly 80% of its entries.[20] Rather than entering an order waiving privilege as to the entire log, however, I directed the Order to a substantially smaller subset of documents between non-lawyers that plainly failed to meet basic requirements for logging.

---

[19] *Moyer v. Moyer*, 602 A.2d 68, 72 (Del. 1992). To be clear, if the attorney involved for a log entry truly cannot be identified after diligent inquiry, the party seeking to withhold the document on privilege or work-product grounds is not out of options—far from it. There are many ways that a party could still seek to satisfy its burden. For example, at a minimum, the party could set forth the identifying information it does have for the log entry and the reason why no further detail can be provided. But to do none of this—as Plaintiff chose to do here—fails to meet even the most basic logging requirements. Plaintiff's "catch-me-if-you-can" approach to logging and withholding communications between non-lawyers is not something that I believe should be condoned, particularly in the context of expedited litigation.

[20] Pl.'s Pre-Order Log (repeating the phrases "regarding negotiation of the supply agreement with Arranta to manufacture plasmids for Thermo Fisher;" "regarding the termination of the supply agreement with Arranta to manufacture plasmids for Thermo Fisher;" and "regarding the acquisition of Arranta by Recipharm").

Third, Plaintiff says that, within days after issuance of the Order, it "re-reviewed and amended its privilege log" and dropped nearly 20% of the 563 documents at issue from Plaintiff's log.[21] If that is meant to be comforting, it is not. That error rate is, if anything, eyebrow-raising at this stage. In addition, I have reviewed Plaintiff's amended log and compared its entries to Plaintiff's original log. First, I note that, contrary to the "time crunch" excuse offered at oral argument, Plaintiff has now put a name to the attorney involved for a great many entries in just a handful of days.[22] Second, with respect to the now-removed log entries, it is difficult to read the prior descriptions for those withheld documents without becoming yet more concerned about Plaintiff's log. Defendant's opposition also describes a litany of previously withheld documents that have now been produced and whose contents are hard to square with Plaintiff's prior log entries.[23] None of this suggests to me that the Order was in error.

---

[21] Mot. at 2, 12.

[22] Indeed, it appears that the same one or two attorneys were involved for a quite substantial number of the documents at issue.

[23] In addition, some entries now seem to describe a different document altogether. *E.g.*, *compare* Pl.'s Pre-Order Log at Entry 1235 (describing withheld document as "[n]otes reflecting legal advice from counsel"), *with* Ex. 2 to Mot. ("Pl.'s Revised Log") at Entry 1235 (describing document as a "[p]resentation"); and *compare* Pl.'s Pre-Order Log at Entry 1321 (describing withheld document as an "[e]mail" having no "to," "from" or "cc" information), *with* Pl.'s Revised Log at Entry 1321 (describing document as "meeting notes").

Plaintiff further argues that the Order relied on cases involving "extreme circumstances" that are not present here.[24] I disagree. The circumstances presented at the time of the Order raised troubling concerns of possible gamesmanship in expedited litigation, and Plaintiff's material revisions to its log since entry of the Order only serve to amplify those concerns. Indeed, as already noted, Defendant's Motion to Compel presented grounds to consider granting Defendant's request for waiver of the entirety of Plaintiff's log.

Fourth, having now revised its log and listed one or more attorneys for the bulk of the subject entries, Plaintiff asserts that, for the remaining entries, it has determined that it is "not reasonably practicable" to identify the attorney involved or that the subject document is a "loose document" and identifying the attorney involved would be "difficult."[25] Yet, in making these arguments, Plaintiff improperly "seeks to present arguments or evidence that could have been presented before the court entered the order from which reargument is sought."[26] To be sure, Defendant's opposition raises a number of reasons why, according to Defendant, Plaintiff's revised log remains deficient. More fundamentally, however, Plaintiff

---

[24] Mot. at 10.

[25] *Id*. at 8, 10.  Notably, Defendant states that, while now revealing that the log includes "loose documents," Plaintiff still fails to identify those documents.

[26] *Standard Gen. Master Fund L.P.*, 2018 WL 6505987, at *1.

could have conducted its re-review and modified its log in response to Defendant's meet and confer correspondence, or in response to Defendant's Motion to Compel.[27] And Plaintiff could have presented its arguments to the Court before issuance of the Order. At bottom, the Order found that Plaintiff failed to comply with basic logging requirements, and Plaintiff now argues for a "do-over," which the Order already rejected. This is highly expedited litigation involving sophisticated parties and counsel with substantial litigation resources. Even setting aside the concerns over gamesmanship, I would still reject the request.

Finally, with respect to a handful of entries reflected on Exhibit 3 and a single entry on Exhibit 4, Plaintiff claims that the Order would require Plaintiff to produce "core" privilege items involving a draft complaint and draft regulatory filing.[28] Plaintiff argues that, although the corresponding log entries do not identify an attorney, the entries at issue plus other entries that do identify a lawyer appropriately reflect attorney involvement.[29] Although it does not appear that Plaintiff advised the Court of this point in its briefing or during argument, I did not intend the Order to

---

[27] If anything, Plaintiff has demonstrated that it was entirely capable of quickly revising its log and specifying, where appropriate, that the attorney involved for a particular entry could not be identified and why.

[28] Mot. at 6–7

[29] *Id.*

require the production of drafts of complaints and regulatory filings. Accordingly, I will grant the Motion as to these items. Plaintiff is not required to produce these documents.

Beyond the single entry concerning a draft regulatory filing addressed above, Plaintiff appears to assert that certain log entries identified in Exhibits 4 and 7 to its Motion similarly demonstrate privilege without any need to identify lawyer involvement.[30] In contrast to draft complaints, it is unclear why Plaintiff believes that presentations and draft correspondence are so obviously privileged that Plaintiff should be excused from satisfying basic logging obligations. Plaintiff fails to explain its argument here in any significant depth and, even if it had, the argument comes too late. The motion is denied as to these entries.[31]

---

[30] *Id.* at 7.

[31] Plaintiff also vaguely states that "[t]here are attachments" to produced emails and that Defendant—or presumably the Court—can determine that the attachment is privileged by comparing both "the face of the log and the produced portion of the emails[.]" Mot. at 7. This "argument" comes too late; is made without citation to case law; and, if anything, seems to concede that the log entries are deficient. In addition, I note that even the single example Plaintiff briefly discusses in the Motion appears to show Plaintiff having withheld, until issuance of the Order, a financial presentation on privilege grounds. *Compare* Pl.'s Pre-Order Log at Entry 401 (describing document withheld on attorney-client privilege grounds as "[p]resentation reflecting legal advice from counsel regarding negotiation of the supply agreement with Arranta to manufacture plasmids for Thermo Fisher"), *with* Ex. 6 to Mot. (underlying email referenced in Motion) (listing attachment as "Presentation – Financial review deck for both Arranta and [other entity]"), *with* Pl.'s Revised Log at Entry

* * *

In conclusion, Plaintiff's Motion is **DENIED** in large part because Plaintiff has failed to meet its heavy burden to show that reargument is warranted and instead seeks to relitigate matters that have been fully litigated. Plaintiff's Motion is **GRANTED** in part such that Plaintiff may withhold draft complaints and draft regulatory filings that would otherwise be required to be produced pursuant to the Order.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Nathan A. Cook*

Nathan A. Cook
Vice Chancellor

cc: All counsel of record (by File & ServeXpress)

---

401 (stating that the document is no longer being withheld, with the notation "Entry removed").